UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION



CHRISTINA CHENNAULT,
as guardian and personal representative for
Lajune S. Brunson, Incapacitated

               Plaintiff,

v.

MICHELLE B. MITCHELL, et al.,

               Defendants.

Civil Action No. 3:12–CV–514

## MEMORANDUM OPINION

THIS MATTER is before the Court on Plaintiff Christina Chennault's Objections (ECF No. 11) to the Report and Recommendation ("R&R") of Magistrate Judge Novak (ECF No. 9). Chennault filed suit, as guardian and personal representative for Lajune S. Brunson, against Michelle B. Mitchell, former Sheriff of the City of Richmond; Gary L. Sink, a former Captain in the Sheriff's Department for the City of Richmond; and Andrew A. Barnhouse, a former Sergeant in the Sheriff's Department for the City of Richmond (collectively "Defendants"). The suit, filed under 42 U.S.C. § 1983, alleges the Defendants violated Brunson's Fourteenth Amendment rights when she was detained in the Richmond City Jail Annex ("Jail Annex"). Plaintiff alleges the Defendants demonstrated deliberate indifference to Brunson's medical needs, resulting in Brunson incurring permanent brain damage from an attempted suicide. Judge Novak recommended the Court dismiss the complaint with prejudice. For the reasons stated below, the Court OVERRULES Plaintiff's objections and ADOPTS the Report and Recommendation GRANTING Defendants' Motion to Dismiss and DISMISSING the action WITH PREJUDICE.

## BACKGROUND

The facts as stated in the complaint show that, on Wednesday, July 21, 2004, police

officers reported to Brunson's residence, discovered her holding a crack pipe, instructed her to put the pipe down, and asked if she had any drugs on her person. Compl. ¶¶ 10-11. Brunson took a piece of rock cocaine from her mouth and then began chewing and swallowing another piece of rock cocaine. Compl. ¶ 11. Brunson was then taken into police custody and transported to the Jail Annex where she acted violently toward the deputies. Compl. ¶¶ 12, 18. After her arrival, deputies did not ask the highly intoxicated Brunson the required triage questions regarding her mental and physical health, nor did medical staff screen Bruson for potential suicide risk. *See* Compl. ¶¶ 13, 16.

After Brunson's "unprovoked attack" upon one deputy, several deputies forcibly removed Brunson from the room, forced her to the floor, and handcuffed her. Compl. ¶ 19. Brunson was then escorted to a holding cell where she continued to resist and was combative. Compl. ¶ 20. In the holding cell, two deputies ordered Brunson to lie face down on the bunk so they could remove the handcuffs; she refused and resisted, and the deputies sprayed Brunson with a one second burst of Oleoresin Capsicum ("O.C.") spray in an attempt to make her comply with orders. Compl. ¶¶ 21, 23. At no time thereafter, was Brunson decontaminated pursuant to the Jail's Use of Force Policy. Compl. ¶ 23.

Around 12:28 p.m., an inmate trustee notified officers that Brunson was attempting to hang herself and at least six jail personnel, including Defendants Sink and Barnhouse, ran to the cell. Compl. ¶¶ 25-26. Brunson had tied her neck to the bars with her shirt and a deputy cut the shirt from the bars. Compl. ¶ 26. When the deputy cut the shirt, Brunson's body and neck were not supported by any jail personnel and her head struck the horizontal bars, adding to her injuries. Compl. ¶ 26. Brunson was removed from the cell and Sink and another deputy performed rescue breathing until EMS arrived. Compl. ¶¶ 27-28. As a result of the attempted suicide, Brunson remained at VCU-MCV hospital for approximately five months and was diagnosed with severe traumatic brain damage. Compl. ¶ 30. Since her suicide attempt, "Brunson cannot communicate, exhibits no understanding of her surroundings and

2

circumstances, and is currently confined to a nursing home bed in a permanent, 'persistent vegetative state.'" Compl. ¶ 30.

Plaintiff claims Defendants Sink and Barnhouse violated Brunson's rights because they knew, or should have known Brunson's intoxicated medical condition; no medical exam was conducted; no one asked the required five triage questions according to the Jail's Mental Health/Suicide Prevent Policy; no protective measures were taken to ensure Brunsons' safety, despite her intoxication; deputies' use of O.C. spray and failure to administer protective measures or medical attention after placing her in a holding cell; and deputies failed to support Brunson's body and/or neck after cutting the shirt around Brunson's neck. Compl. ¶¶ 35-44. Plaintiff further claims that as a result of jail personnel's deliberate indifference to Brunson's medical needs, she attempted to commit suicide causing her to suffer severe traumatic brain damage. Compl. ¶ 45.

Plaintiff claims Defendant Mitchell violated Brunson's rights as the supervisor of the jail personnel, alleging there was an official policy or custom of placing combative or intoxicated detainees in a holding cell without taking any precautions or following the Mental Health/Suicide Prevent Policy. Compl. ¶ 50. Plaintiff also alleges Mitchell violated Brunson's rights by failing to properly train jail personnel to "respond adequately to the readily foreseeable medical needs of combative and/or intoxicated detainees." Compl. ¶ 54.

Plaintiff's complaint is the second complaint alleging constitutional violations based on these facts. In 2006 Brunson brought suit against Sheriff C.T. Woody alleging a violation of 42 U.S.C. § 1983 and a pendent state law cause of action. Sheriff Woody filed, and the Court granted, a motion to dismiss Brunson's claims on the grounds that Sheriff Woody was not at the Jail Annex on July 21, 2004 and did not become Sheriff for the City of Richmond until nearly eighteen months later. *Brunson v. Woody*, No. 3:06cv570 (E.D. Va. Oct. 31, 2006).

Defendants collectively moved to dismiss this action with prejudice. This Court referred the Motion to Dismiss to Magistrate Judge Novak for a report and recommendation, pursuant to

3

28 U.S.C. § 636(b)(1)(B) (ECF No. 8). Judge Novak recommended the Court dismiss the complaint with prejudice. Judge Novak found that Defendants Sink and Barnhouse were not deliberately indifferent to Brunson's suicide risk because violation of the jail policies alone does not provide a cause of action under § 1983 and they were not deliberately indifferent to Brunson's medical needs because "[n]one of the allegations in the complaint establish facts sufficient to show that either Defendant Sink or Defendant Barnhouse had knowledge of, or even any particular reason to suspect, that Brunson presented [] a substantial suicide risk." R&R 12, 14. Judge Novak further found Sink and Barnhouse were not deliberately indifferent to Brunson's medical needs in using O.C. spray and failing to decontaminate afterwards because the complaint fails to allege use of O.C. spray was unnecessary or excessive, did not allege an adverse reaction, and defendants had no knowledge that O.C. spray aggravated suicidal ideations. R&R 16-18. Finally, Judge Novak found that Sink and Barnhouse were not deliberately indifferent to Brunson's medical needs after her attempted suicide because nothing in the complaint alleges the defendants acted with any purpose other than to save Brunson's life and, even if they were deliberately indifferent, they are entitled to qualified immunity because no guidance from any court says the defendants should have supported Brunson's head and neck. R&R 18-20.

With regard to Defendant Mitchell, Judge Novak recommended dismissal of the failure to train claim as duplicative of the official policy or custom claim. R&R 20. Judge Novak further recommended dismissal of the official policy or custom claim because no constitutional violation was committed by Mitchell's employees and the complaint failed to plead a pattern of constitutional violations or a causal connection between the alleged policy and Brunson's suicide attempt. R&R 21-23.

Finally Judge Novak recommended dismissal with prejudice because a case alleging the same facts was filed in 2006 and dismissed without prejudice. R&R 23 n.6. Judge Novak therefore found this was "Plaintiff's second, unsuccessful attempt at pleading a plausible claim."

4

R&R 23 n.6. Plaintiff timely filed objections to the R&R, specifically to the recommendation of dismissal with prejudice and factual findings Plaintiff argues Judge Novak made in error. The objections have been fully briefed and the parties have not requested a hearing on this matter; therefore, the objections are ripe for decision. *See* E.D. Va. Loc. Civ. R. 7(J).

## STANDARD OF REVIEW

A district court reviews any portion of a Magistrate Judge's report and recommendation that has been properly objected to *de novo*. Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). In order to properly object to the report and recommendation, a party must object "with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007).

## ANALYSIS

### 1. OBJECTION TO RECOMMENDATION OF DISMISSAL WITH PREJUDICE

Plaintiff's first objection argues it was error to find the complaint the second unsuccessful attempt at pleading a plausible claim. In 2006, the Court dismissed, under Federal Rule of Civil Procedure 12(b)(6), claims based on the same factual situation presented above. The Court's 2006 dismissal was without prejudice, allowing the Plaintiff to file the instant complaint alleging constitutional violations based on the same conduct. In the nearly six years between actions, Plaintiff was unable to develop and plead facts sufficient to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court thus provided Plaintiff with an opportunity to amend the complaint and attempt to plead claims with sufficient plausibility to survive a motion to dismiss. Plaintiff failed to do so, and therefore, the Judge Novak did not err in recommending dismissal with prejudice. *See Ostrzenski v. Seigel*, 177 F.3d 245, 252-53 (4th Cir. 1999).

Plaintiff's argument that formal discovery would allow her the opportunity to develop

5

facts is also unpersuasive. The Supreme Court has noted that Federal Rule of Civil Procedure 8 marks a departure "from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79; *see also Twombly*, 550 U.S. at 558. As Judge Novak found, the complaint does not state a plausible claim for relief and thus does not entitle Plaintiff to the expensive and burdensome process of formal discovery. Plaintiff's objection to the recommendation of dismissal with prejudice is therefore OVERRULED.

### 2. OBJECTION TO FACTUAL FINDINGS MADE BY JUDGE NOVAK

Plaintiff also argues Judge Novak erroneously made four factual determinations that should be presented to a jury: (1) that Sink and Barnhouse were not deliberately indifferent to Brunson's suicide risk when she arrived (R&R 11-15), (2) that violations of the jail policy did not involve a constitutional violation (R&R 5-9), (3) that Sink and Barnhouse did not act with deliberate indifference to the Plaintiff's medical condition after she was sprayed with O.C. spray (R&R 16-18), and (4) that Mitchell did not have a policy or custom that amounted to deliberate indifference (R&R 21-23). Plaintiff mischaracterizes these conclusions as factual findings.

In resolving a 12(b)(6) motion, a court must regard as true all of a plaintiff's well-pleaded allegations, *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993), as well as any facts that could be proven consistent with those allegations, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). In contrast, the court does not have to accept legal conclusions couched as factual allegations, *Twombly*, 550 U.S. at 555, or "unwarranted inferences, unreasonable conclusions, or arguments," *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000); *see also Iqbal*, 556 U.S. at 678. Keeping these principles in mind, a court must ultimately ascertain whether the plaintiff has stated a plausible, not merely speculative, claim for relief.

The findings cited by Plaintiff are the R&R's ultimate legal conclusions based on the facts pled in the complaint. The R&R contains a background section that describes the facts underlying the legal claims as provided in the complaint. R&R 2-6. In accordance with the

Supreme Court's guidance, Judge Novak then reviewed the legal requirements to prove each claim raised by Plaintiff and determined whether the facts alleged in the complaint sufficiently pled plausible constitutional claims. *See Iqbal*, 556 U.S. at 678. The findings cited by Plaintiff are those legal conclusions, made pursuant to Rule 12(b)(6), not factual findings to be determined by a jury.

Plaintiff's objections are only to these "factual findings" and do not raise specific objections to the legal conclusions. To object to an R&R, a "party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." *Midgette*, 478 F.3d at 622. Plaintiff merely objects to these findings as clear error and argues they are issues that should be determined by a jury. Because Plaintiff does not specifically object, or provide reasons for objecting, to the legal conclusions made by Judge Novak, the Court need not review the legal determinations. The Court finds Plaintiff mischaracterizes Judge Novak's findings, and accordingly, OVERRULES Plaintiff's objections that these findings should be presented to a jury.

## CONCLUSION

For the reasons stated above, the Court will OVERRULE Rose's objections and ADOPT Judge Novak's Report and Recommendation GRANTING Defendants' Motion to Dismiss and DISMISSING this action WITH PREJUDICE.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate order shall issue.

/s/
James R. Spencer
United States District Judge

ENTERED this 7th day of February 2013.